## Volunteer Fire Company Workmen's Compensation

DAVID C. HARRISON, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, October 28, 1959. —You have requested our advice on the question of whether the members of a volunteer fire company, based upon the facts stated below, are entitled to workmen's compensation coverage under the provisions of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §22a, as amended.

This act specifically grants volunteer firemen workmen's compensation coverage. The coverage extends to the periods in which the firemen are actually fighting fires, riding to and from fires and performing other duties in connection with fires and fire prevention. However, the phrase "volunteer fire companies" itself is not defined.

The volunteer fire company in question has been in operation since 1946. At least until 1954, it was active in fighting fires. However, this activity was not as a result of calls by the municipality; apparently members of the company merely appeared at fires of which they had knowledge.

On June 8, 1954, the city passed an ordinance specifically declaring that the fire company in question was not recognized by it as a fire fighting organization and that the only organization "entitled to engage in the fighting of fires" in the city was the paid municipal fire department. The city states that since the date of this ordinance, the volunteer fire company in question has not assisted in combating fires in the city. However, information accompanying your request for advice in this matter indicates that this company is still fighting fires of which it has knowledge, as it was prior to the passage of the ordinance, and apparently neither the city nor the municipal fire company has refused this assistance. The advice contained in this opinion is given on the assumption that the volunteer fire company in question is, in fact, still assisting in the fighting of fires, and that this assistance is given with some degree of regularity.[1]

The status of whether an organization is a "volunteer fire company" within the meaning of the Workmen's Compensation Act depends on what it actually

---

[1] If the company is no longer regularly engaged in fire fighting, it is no longer acting as a volunteer fire company and therefore its members are not entitled to workmen's compensation coverage.

does. An ordinance of nonrecognition should not be effective to defeat the intent of legislation where the activities of a municipality itself contravene the language of the ordinance.[2] Only in the event that the city in question would actually refuse to accept the services of this volunteer fire company when they were offered, and prevented this company from cooperating with the municipal fire department in fighting fires, would there be an actual nonrecognition of the volunteer fire company. Such actual refusal of services is possible by the city, and it can enforce this refusal either by use of police lines or by court action. In the absence of such measures, it is proper to assume that the city is benefiting from the assistance of the fire company.

Neither the Act of June 13, 1955, P. L. 173, 53 PS §3831, dealing with the establishment of paid municipal fire companies, or the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 710, 15 PS §2851-710, dealing with changes in the corporate purpose of volunteer fire companies, conflict with the conclusions reached herein, since they are essentially procedural in purpose. Where, as here, the city has utilized the services of a volunteer fire company, these provisions do not affect its duty to afford these firemen the protection of workmen's compensation coverage.

Therefore, it is our opinion, and you are accordingly advised, that an organization engaged in the fighting of fires is a "volunteer fire company" within the provisions of the Act of June 21, 1939, P. L. 566, as amended, 77 PS §22a, if its services are actually accepted by the municipality, whether or not any act, ordinance or other official pronouncement of the mu-

---

[2] Cf. Bunker Hill Mutual Insurance Company v. Leslie, 382 Pa. 356, 115 A. 2d 378 (1955). See also Yick Wo v. Hopkins, 118 U. S. 356, 373-74 (1886); Rice v. Elmore, 165 F. 2d 387, 390 (4th Cir. 1947).

nicipality states that it is not recognized as a volunteer fire company.

The effect of this opinion can be avoided if the municipality will refuse to accept the services of the volunteer fire company whenever they may be offered.